JUDGE BUCHWALD

08 CIV 5154

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DANIEL ZEA, Individually and on Behalf
of All Other Persons Similarly Situated,

                      Plaintiffs,

       -against-

HENRY LIMOUSINE, LTD., HENRY
ZILBERMAN, EXCELSIOR CAR & LIMO, INC.,
BIG APPLE CAR, INC., DIAL CAR, INC.,
UTOG 2-WAY RADIO, INC., SKYLINE
CREDIT RIDE, INC., TEL AVIV
CAR & LIMOUSINE SERVICE, INC., And
John Does # 1-10,
Jointly and Severally,

                      Defendants.

------------------------------------------------------------X

**CLASS ACTION
COMPLAINT**

Index No. _____ /08



**Jury Trial Demanded**

## INTRODUCTION

This action is based upon improper and illegal pay practices that are

prevalent in the private call taxi and limousine ("black car") industry in New York City.

In typical situations, such as in the instant action, the black car service pays its' driver

employees a "book rate" for calls, that is to say a flat number of hours for a service call

irrespective of the actual amount of time that a call takes and fails to pay the drivers for

compensable wait time prior to an in between calls, as well as overtime rates for hours

worked in excess of 40 per week. Additionally, the black car service employer charges

their customers a mandatory "Gratuity" which they keep all, or a substantial portion of,

without paying it to the driver employees in violation of the New York Labor Law. The

failure to pay for all compensable time, as well as tips, affects the drivers' "regular rate of

pay" and, consequently, affects the drivers' overtime rates (in violation of the FLSA)

which the black car services fail to pay anyway.

In the instant action, the Plaintiff, and the putative class, allege that Defendant's, Henry Limousine, LTD ("Henry"), actions were consistent with the practices set forth above. In addition to responding to service calls for Henry, Plaintiffs also regularly responded to service calls for all of the other black car Defendants named herein. The other Defendants ("Contractors") would utilize the services of Henry (as a sub-contractor) when they did not have a car or limo available for their customers. Therefore, the Henry drivers would, in effect, also be employees of the Contractors for those service calls that the Henry drivers would respond to pursuant to the subcontracting relationship between Henry and the Contractors thereby making the Contractors equally (or jointly and severally) liable with Henry to its drivers for the pay practices alleged herein.

Plaintiff, through his attorney, complaining of Defendants, alleges as follows:

## NATURE OF ACTION

1. Plaintiff alleges on behalf of himself and other similarly situated current and former employees, classified by Defendants as drivers and comparable positions with different titles, that they are: (i) entitled to unpaid wages from Defendants for work for which they did not receive compensation for all of the hours worked by them, for overtime work for which they did not receive overtime premium pay as well as misappropriated tips and/or gratuities (pursuant to New York Labor Law §196-d) and (ii) entitled to liquidated damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq.

2. Plaintiff further complains, on behalf of himself and other similarly situated current and former employees, that they are entitled to back wages from Defendants for work for which they did not receive compensation for all of the hours worked by them as

well as overtime work for which they did not receive overtime premium pay, as required by New York Labor Law §§650 *et seq.*, including Part 142, §142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law) and misappropriated tips and/or gratuities in violation of New York Labor Law §196-d.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. §§1331, 1337 and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§1332 and 1367.

4. The Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims occurred in this District.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## PARTIES

7. Plaintiff, Daniel Zea ("Plaintiff" or "Zea"), resides in New York County, New York.

8. Plaintiff regularly worked for Defendants in excess of forty (40) hours per workweek, without receiving compensation for all hours worked by him as well as overtime compensation and Defendants also misappropriated his tips and/or gratuities in violation of the New York Labor Law and the FLSA.

9. Upon information and belief, Defendant, Henry, is a corporation organized and existing in the State of New York.

10. Upon information and belief, Defendant, Henry, owns and operates a taxi and limousine service business.

11. Upon information and belief, Defendant, Henry, has a principal place of business at 11-01 43rd Avenue, Long Island City, New York, 11101, Queens County in the State of New York.

12. Upon information and belief, Defendant, Henry Zilberman ("Zilberman"), owns, operates and controls the day to day operations and management of Henry Limousine, LTD. and conducts business at 11-01 43rd Street, Long Island City, New York, 11101 and jointly employed Plaintiff and other similarly situated employees at all relevant times.

13. Upon information and belief, Defendants, Henry and Zilberman, contracted with the other contractor Defendants to provide them with taxi and limousine services on a subcontracting basis.

14. Upon information and belief, Defendant, Excelsior Car & Limo, Inc., ("Excelsior"), is a corporation organized and existing in the State of New York.

15. Upon information and belief, Defendant, Excelsior, owns and operates a taxi and limousine service business.

16. Upon information and belief, Defendant, Excelsior, is licensed by the Taxi and Limousine Commission of the City of New York ("TLC").

17. Upon information and belief, Defendant, Excelsior, has been issued license number B00202 by the TLC.

18. Upon information and belief, Defendant, Excelsior, has a principal place of business at 335 Bond Street, Brooklyn, New York, 11231, Kings County in the State of New York.

19. Upon information and belief, Defendant, Excelsior, contracted with Henry and/or permitted or suffered Henry's employees to work for it.

20. Upon information and belief, Defendant, Big Apple Car, Inc., ("Big Apple"), is a corporation organized and existing in the State of New York.

21. Upon information and belief, Defendant, Big Apple, owns and operates a taxi and limousine service business.

22. Upon information and belief, Defendant, Big Apple, is licensed by the TLC.

20. Upon information and belief, Defendant, Big Apple, has been issued license number B00272 by the TLC.

23. Upon information and belief, Defendant, Big Apple, has a principal place of business at 169 Bay 17th Street, Brooklyn, New York, 11214, Kings County in the State of New York.

24. Upon information and belief, Defendant, Big Apple, contracted with Henry and/or permitted or suffered Henry's employees to work for it.

25. Upon information and belief, Defendant, Dial Car, Inc., ("Dial Car"), is a corporation organized and existing in the State of New York.

26. Upon information and belief, Defendant, Dial Car, owns and operates a taxi and limousine service business.

27. Upon information and belief, Defendant, Dial Car, is licensed by the TLC.

- 5 -

28. Upon information and belief, Defendant, Dial Car, has been issued license number B00448 by the TLC.

29. Upon information and belief, Defendant, Dial Car, has a principal place of business at 2104 Avenue X, Brooklyn, New York, 11235, Kings County in the State of New York.

30. Upon information and belief, Defendant, Dial Car, contracted with Henry and/or permitted or suffered Henry's employees to work for it.

31. Upon information and belief, Defendant, UTOG 2-Way Radio, Inc., ("UTOG"), is a corporation organized and existing in the State of New York.

32. Upon information and belief, Defendant, UTOG, owns and operates a taxi and limousine service business.

33. Upon information and belief, Defendant, UTOG, is licensed by the TLC.

34. Upon information and belief, Defendant, UTOG, has been issued license number B00271 by the TLC.

35. Upon information and belief, Defendant, UTOG, has a principal place of business at 25-20 39th Avenue, Long Island City, New York, 11101, Queens County in the State of New York.

36. Upon information and belief, Defendant, UTOG, contracted with Henry and/or permitted or suffered Henry's employees to work for it.

37. Upon information and belief, Defendant, Skyline Credit Ride, Inc., ("Skyline"), is a corporation organized and existing in the State of New York.

38. Upon information and belief, Defendant, Skyline, owns and operates a taxi and limousine service business.

- 6 -

39. Upon information and belief, Defendant, Skyline, is licensed by the TLC.

40. Upon information and belief, Defendant, Skyline, has been issued license number B00111 by the TLC.

41. Upon information and belief, Defendant, Skyline, has a principal place of business at 52-29 35th Street, Long Island City, New York, 11101, Queens County in the State of New York.

42. Upon information and belief, Defendant, Skyline, contracted with Henry and/or permitted or suffered Henry's employees to work for it.

43. Upon information and belief, Defendant, Tel Aviv Car & Limousine Service, Inc., ("Tel Aviv"), is a corporation organized and existing in the State of New York.

44. Upon information and belief, Defendant, Tel Aviv, owns and operates a taxi and limousine service business.

45. Upon information and belief, Defendant, Tel Aviv, has a principal place of business at 43-23 55th Street, Long Island City, New York, 11101, Queens County in the State of New York.

46. Upon information and belief, Defendant, Tel Aviv, contracted with Henry and/or permitted or suffered Henry's employees to work for it.

47. Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of Defendants, whose identities are unknown at this time and who participated in the day-to-day operations of Defendants and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor

Law Sec. 2 and the regulations thereunder and are jointly and severally liable with Defendants.

48. Upon information and belief, each Defendant is an enterprise engaged in commerce or in the production of goods for commerce. Each Defendant is an enterprise because each performs its related activities for a common business purpose. Each Defendant is engaged in commerce or in the production of goods for commerce, because, inter alia, each Defendant has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, each Defendant's annual gross volume of business is at least $500,000.

49. Each Defendant, either directly or indirectly, has hired and fired Plaintiff and other employees; controlled Plaintiff's work schedule and conditions of employment; determined the rate and method of his payment; and kept at least some records regarding his employment.

## COLLECTIVE ACTION ALLEGATIONS

50. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time since June 3, 2005 to the entry of judgment in this case (the "Collective Action Period"), who were drivers and other comparable positions with different titles and were non-exempt employees within the meaning of the FLSA and who received no compensation for all of the hours that they worked and/or overtime at rates not less than one-half times the regular rate of pay for hours worked in excess of forty hours per workweek and/or did not receive all of the tips and/or gratuities collected by Defendants for and on their behalf (the "Collective Action Members").

51.     This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are approximately 50 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

52.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

53. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

54. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a.   whether Defendants employed the Collective Action Members within the meaning of the FLSA;

    b.   what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    c.   whether Defendants failed to post or keep posted a notice explaining overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of 29 C.F.R. § 516.4;

    d.   whether Defendants failed to pay the Collective Action Members for all of the hours worked by them and/or overtime compensation for hours worked in excess of forty hours per workweek in violation of the FLSA and the regulations promulgated there under;

    e.   whether Defendants improperly withheld tips and/or gratuities, in violation of 29 U.S.C. §203(m);

    f.   whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

    g.   whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

    h.   whether Defendants should be enjoined from such violations of the FLSA in the future.

55. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

56. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

57. Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed by Defendants at any time since June 3, 2002, in the State of New York, to the entry of judgment in this case (the "Class Period"), who were drivers and other comparable positions with different titles and non-exempt employees within the meaning of the New York Labor Law and have not been paid for all of the hours worked by them and/or who have not been paid proper overtime wages and/or who did not receive all of the tips and/or gratuities in violation of the New York Labor Law (the "Class").

58. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are approximately 50 members of Class during the Class Period.

59. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against Defendants.

60. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

61. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

62. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

63. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

> a. whether Defendants employed the members of the Class within the meaning of the New York Labor Law;
>
> b. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;
>
> c. whether Defendants failed and/or refused to pay the members of the Class for all hours worked by them and/or one-half times their regular rate of pay for all hours worked in excess of forty hours per workweek;
>
> d. whether Defendants withheld tips and/or gratuities within the meaning of the New York Labor Law in violation of New York Labor Law §196-d;
>
> e. whether Defendants failed to post the notice required by New York Labor Law §198-d;
>
> f. whether Defendants violated New York Labor Law §§ 191, 193 and/or 195;
>
> g. whether the individual Defendants participated in the day to day management of Defendants and are "joint employers" and liable to Plaintiffs;

h. whether Defendants and Individual Defendants are liable to Plaintiffs

for compensatory damages, interest, costs and disbursements and

attorneys' fees;

i. whether the Statute of Limitations should be estopped or tolled due to

Defendants' statutory violations; and

j. whether Defendants should be enjoined from such violations of the New

York Labor Law in the future.

## STATEMENT OF THE FACTS

64. Plaintiff is a driver employed by Henry from on or about August, 2004 until on or about 2007 (the "time period").

65. Upon information and belief, Zilberman owned and operated different corporate entities over the years in the taxi and limousine business prior to his current corporation, Henry.

66. Upon information and belief, Henry is the successor in interest to Zilberman's prior corporate entities in the taxi and limousine business.

67. All driver employees in the prior corporations owned and/or operated by Zilberman are included within the classes set forth herein.

68. Upon information and belief, Defendants, Henry and/or Zilberman, contracted with each of the Contractors to provide the Contractors with taxi and limousine services.

69. Defendants, Excelsior, Big Apple, Dial Car, UTOG, Skyline and Tel Aviv are employers of Henry's drivers pursuant to the FLSA and NYLL.

70. Upon information and belief, as an example, Plaintiff worked for Excelsior, as a subcontractor for Henry, on or about September 9, 2004, a copy of the receipt for said services is annexed as Exhibit "A".

71. Upon information and belief, as an example, Plaintiff worked for Big Apple, as a subcontractor for Henry, on or about June 6, 2006, a copy of the receipt for said services is annexed as Exhibit "B".

72. Upon information and belief, Plaintiff worked for Dial Car, as a subcontractor for Henry, on or about December 17, 2005, a copy of the receipt for said services is annexed as Exhibit "C".

73. Upon information and belief, Plaintiff worked for UTOG, as a subcontractor for Henry, on or about January 17, 2006, a copy of the receipt for said services is annexed as Exhibit "D".

74. Upon information and belief, Plaintiff worked for Skyline, as a subcontractor for Henry, on or about July 31, 2006, a copy of the receipt for said services is annexed as Exhibit "E".

75. Upon information and belief, Plaintiff worked for Tel Aviv, as a subcontractor for Henry, on or about April 8, 2005 a copy of the receipt for said services is annexed as Exhibit "F".

76. Upon information and belief, Plaintiff worked 12 hours a day, 6 days a week for Defendant during the time period.

77. Upon information and belief, Defendants, Henry Zilberman and John Does #1-10 are officers, directors and/or managing agents of Defendants and participated in the day-to-day operations of Defendants and acted intentionally and maliciously and are

"employers" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the corporate Defendants.

78. Upon information and belief, Defendants charged, levied upon, assessed, imposed and/or collected from its customers an amount equal to twenty (20%) per cent of its customary fees ("Gratuity") and said Gratuity was separately itemized on customer statements.

79. Upon information and belief, Defendants either told, led or allowed its customers, to believe that the additional charge is a Gratuity for its employees.

80. Defendants are required by Labor Law §196-d to remit Gratuities in their entirety to their appropriate employees.

81. Upon information and belief, Defendants retained all or a substantial portion of the Gratuities that it received from customers without paying same to Plaintiff and the other members of the class.

82. Defendants' retention of all or a portion of the Gratuities violated Labor Law §196-d.

83. Upon information and belief, as a result of the aforesaid, Defendants' customers were discouraged from leaving additional tips to the Plaintiff and the other members of the class who would usually expect to receive tips from customers for the type of service provided.

84. Upon information and belief, Defendants violated Labor Law §191(1)(a) by failing to pay Plaintiff and other members of the class weekly as required by statute.

85. Upon information and belief, Defendants violated Labor Law §195(1) by failing to notify Plaintiff and other members of the class at the time of hiring of the rate of pay and of the regular pay day designated Defendants.

86. Upon information and belief, Defendants violated Labor Law §195(3) by failing to furnish each Plaintiff and other members of the class with a statement with every payment of wages, listing gross wages, deductions and net wages, and an explanation of how such wages were computed.

87. Upon information and belief, Defendants violated Labor Law §195(4) by failing to establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

88. Upon information and belief, Defendants violated Labor Law §198-d by failing to post as required by statute.

89. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

90. The work performed by Plaintiff required little skill and no capital investment. His duties did not include managerial responsibilities or the exercise of independent judgment.

91. Upon information and belief, Plaintiff often worked in excess of 40 hours a week, yet Defendants willfully failed to pay Plaintiff and other driver employees for all of the hours worked by them as well as overtime compensation of one and one-half times their regular hourly rate and/or failed to remit to Plaintiff tips and/or gratuities in violation of the FLSA and the supporting New York State Department of Labor Regulations.

- 16 -

92. Upon information and belief, it is Defendants' uniform policy and procedure not to pay compensation to Plaintiff and other members of the class for all of the hours worked by them as well as overtime compensation and/or to fail to remit to Plaintiff and other members of the class all of the tips and/or gratuities that they received from customers for and on behalf of Plaintiff and the other members of the Class.

93. Plaintiff commenced his employment with the Defendants on or about August, 2004 until on or about 2007. Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until today, Defendants have likewise employed other individuals, like the Plaintiff (the Collective Action Members/the Class) in positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

94. Upon information and belief, such individuals have worked in excess of 40 hours a week, yet Defendants have likewise willfully failed to pay them for all of the hours worked by them as well as overtime compensation of one and one-half times their regular hourly rate and/or failed to remit to them tips and/or gratuities in violation of the FLSA and the supporting New York State Department of Labor Regulations. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of Defendants and can be ascertained through appropriate discovery.

95. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, Defendants failed to maintain accurate and sufficient time records.

96. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiff and the Collective Action Members, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

97. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

98. At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§203(a), (m), 206(a) and 207(a).

99. At all relevant times, Defendants employed and/or continued to employ, Plaintiffs within the meaning of the FLSA.

100. Upon information and belief, at all relevant times, Defendants have had gross annual revenues in excess of $500,000.

101. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216 (b). Plaintiff's written consent is attached hereto and incorporated by reference.

102. Upon information and belief, at all relevant times, Defendants had a policy and practice of refusing to pay to its employees for all of their hours worked as well as overtime compensation for their hours worked in excess of forty hours per workweek and/or failed to remit Gratuities received for and on their behalf.

103. As a result of Defendants' willful failure to compensate its employees, including Plaintiff, for all of the hours worked by them as well as overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of

forty hours in a workweek and the retention of Gratuities, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§201 *et seq.*, including 29 U.S.C. §§207(a)(1) and 215 (a).

104. Upon information and belief, at all relevant times, Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiff is employed, in violation of 29 C.F.R. § 516.4.

105. As a result of Defendants' failure to record, report, credit, and/or compensate Plaintiffs, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

106. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

107. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants their unpaid compensation as well as overtime compensation and gratuities received and not remitted, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW

108. Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

109. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§2 and 651.

110. Upon information and belief, Defendants willfully violated Plaintiff's rights by failing to pay him for all hours worked as well as overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek and/or failed to remit to him tips and/or gratuities, in violation of the New York Labor Law and its regulations.

111. Defendants' New York Labor Law violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

112. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation as well as unpaid overtime compensation, unpaid tips and/or gratuities reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1). Plaintiffs waive liquidated damages for the Class pursuant to the New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff respectfully requests that this Court grant the following relief:

a.    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b.    Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue

pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members and tolling of the statue of limitations;

c.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d.    An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e.    An award of unpaid compensation, unpaid overtime compensation and/or unpaid tips and/or gratuities under the FLSA and the New York Labor Law;

f.    An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay compensation for all hours worked as well as overtime compensation and failure to remit gratuities pursuant to 29 U.S.C. § 216;

g.    An award of prejudgment and post-judgment interest;

h.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
      June 3, 2008

Jeffrey M. Gottlieb, Esq.

Gottlieb & Associates
Attorneys for Plaintiffs
Jeffrey M. Gottlieb, Esq. (JG-7905)
Dana L. Gottlieb, Esq. (DG-6151)
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212)228-9795
Fax: (212)982-6284

- 22 -

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of _Henry Limousine, Ltd., Henry Zilberman, et al_ to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_Daniel Zea._ 5/23/08        Daniel Zea.
Signature            Date        Print Name

# Exhibit
## "A"

| Account Number | | Date | Car# |
|---|---|---|---|

| Customer's Name | Original P/U Time AM PM | Actual P/U Time AM PM | Drop-Off Time AM PM | Original W.T. (Min.) | W.T. Stops |
|---|---|---|---|---|---|

| P/U Location | Zone | 1. Stop Location | Zone | W.T. (Min.) | Total fare |
|---|---|---|---|---|---|
| | | 2. Stop Location | Zone | W.T. (Min.) | Tolls |
| Final Destination | Zone | 3. Stop Location | Zone | W.T. (Min.) | Parking / Phone: |
| | | 4. Stop Location | Zone | W.T. (Min.) | |

| Passenger's Comments | Type of Car | Phone (Min.) | | Vchr chg. |
|---|---|---|---|---|
| Passenger's Signature | Drivers Name | Expense Code | Dept.# | |
| X | Driver's Performance (1 to 10) | Job # | App. Code | |

DRIVER

Exhibit
"B"

ACCT. NAME

VIP NAME

VIP NO.

FROM

FINAL DEST.

AUTH. BY

**big apple car**

COMPANY NO.

DEPT. NO.

JOB/FARE NO.

DATE

NO. OF PASS.

ZIP/ZONE

STOPS

CLIENT NO.

MISC.

TIME OF P/U

ORIGINAL W.T.

ZIP/ZONE

MATTER NO.

CAR NO.

FROM ZONE

TO ZONE

FARE

W.T.

A.S.

TOLLS PKG.

S.C.

TEL

TOTAL

# Exhibit
## "C"

BY →

FARE #

CAR NO. _4/nu8 / 6_   LA 14ა0ა0ა

TIME _312_   PM

For Office Use Only

(NAME OF COMPANY) _Tanna._

DATE _12/17/05_

FROM _U.N. Plaza._

(NAME OF PASSENGER)

ACTUAL PICK-UP TIME _4pm_   INT ☐

PRICE _____

S.C. _____

A.S. _____

TO _AID 3 Hrs._

STOPS _St. Peter's Church_   Orig. W.T. _____

| Client No. | Matter No. | Employee No. |
| --- | --- | --- |
| | | |

2 _U.N. Plaza_   STOPS W.T. _____

☐ Personal  ☐ Overtime  ☐ Temporary  ☐ Package

3   PHONE CALLS _____

**DIAL CAR**
www.dialcar.com
2104 AVENUE X, BROOKLYN, NY 11235
**(718) 743-8200**
WHEN OUT OF TOWN OR AT AIRPORT CALL 1-800-DIAL 243

4   TOLLS _____

5   MISC. _____

6   GRATUITY _____

ACCOUNT NO. | DEPT. NO. | _DusDus_   TOTAL _____

OVER ☐

# Exhibit
# "D"

UNIVERSAL CAR SERVICE CHARGE FORM

FONTE

Customer Account Number

Date of Charge

UTOG 2 way Radio

APPROVAL CODE

| AMEX | D.C. | DISC. | MC | VISA | OTHER |

Customer Signature
X

Cardholder acknowledges receipt of goods and/or services in the amount of the Total shown hereon and agrees to perform the obligations set forth in the Cardholder's agreement with the issuer.

Invoice Number

DATE    TIME    A.M. / P.M.    CALL/FARE/JOB NO.    CAR NO.    BASIC FARE $

PICKUP POINT

FINAL DESTINATION

ZONE/ZIP    W.T.    MISC. $

R.T.    TOLLS/BRIDGE $

O.T.    MISC.

PHONE    STOPS $

SPEC ROUTE

PACKAGE    WAIT TIME $

TOTAL

534 57

DRIVER COPY

# Exhibit
# "E"

| Account Number | | | | | | Orig. Fare |
| --- | --- | --- | --- | --- | --- | --- |
| | Original, AM P/U Time PM | Actual AM P/U Time PM | Drop-Off AM Time PM | Original W.T. (Min.) | | W.T. |
| Customer's Name | | | | | | Stops |
| P/U Location | Zone | 1. Stop Location | Zone | Stop Charge | W.T. (Min.) | Total fare |
| | | 2. Stop Location | Zone | Stop Charge | W.T. (Min.) | Tolls |
| Final Destination | Zone | 3. Stop Location | Zone | Stop Charge | W.T. (Min.) | Parking |
| | | 4. Stop Location | Zone | Stop Charge | W.T. (Min.) | Phone |
| Passenger's Comments | | Type of Car | Phone (Min.) | Total Stops | Total W.T. (Min.) | Vchr chg |
| Passenger's Signature | | Drivers Name | Expense Code | Dept.# | Free W.T. (Min.) | Misc. |
| X | | Driver's Performance (1 to 10) | Job # | App. Code | Net W.T. (Min.) | Total Charge |

DRIVER

# Exhibit
## "F"

**UNIVERSAL CAR SERVICE CHARGE FORM**

Customer Account

4557 1820 0160 9978

12/04  Date of Charge

JASON POLLCY
Tel AwC.S.

APPROVAL CODE

| AMEX | D.C. | DISC. | MC | VISA | OTHER |

Customer Signature
X

PICK UP POINT  101 W. 57 St.

FINAL DESTINATION  710 x Avnn

Bklyn Br.
Battery Pk.
Time Sq. etc

| | | |
|---|---|---|
| W.T. | | MISC. $ |
| | FUEL | |
| | O.T. | TOLLS/PARKING $ |
| | MISC. | |
| PHONE | | GTOPS $ |
| SPEC ROUTE | | WAIT TIME $ |
| PACKAGE | | |
| TOTAL | | 180.00 |

Cardholder acknowledges receipt of goods and/or services in the amount of the Total shown hereon and agrees to perform the obligations set forth in the Cardholder's Agreement with the Issuer.
Invoice Number

692794

**DRIVER COPY**