UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
DANIEL ZEA, Individually and on
Behalf of All Other Persons Similarly Situated,

                                    Plaintiffs,

                                                            Case No.: 08-CV-5154

            -against-

HENRY LIMOUSINE, LTD. HENRY                      **ANSWER TO CLASS**
ZILBERMAN, EXCELSIOR CAR & LIMO, INC.,           **ACTION COMPLAINT**
BIG APPLE CAR, INC., DIAL CAR, INC.,             **WITH AFFIRMATIVE**
UTOG 2-WAY RADIO, INC., SKYLINE                  **DEFENSES AND**
CREDIT RIDE, INC., TEL AVIV                      **CROSS-CLAIM**
CAR & LIMOUSINE SERVICE, INC., and
John Does # 1-10, Jointly and Severally,

                                    Defendants.
-----------------------------------------------------------------------x

        Defendants Excelsior Car & Limo, Inc. ("Excelsior"), Dial Car, Inc. ("Dial"), Skyline Credit

Ride, Inc. ("Skyline"), Big Apple Car, Inc. ("Big Apple") and Tel Aviv Car & Limousine Service,

Inc. ("Tel Aviv")(collectively "Answering Defendants"), by their attorneys, Pike & Pike, P.C., as

and for their answer to the Complaint of Plaintiffs, set forth herein as follows:

## AS TO ALLEGATIONS
## CONCERNING THE NATURE OF THE ACTION

1.      Deny the allegations contained in paragraph "1" of Plaintiffs' Complaint.

2.      Deny the allegations contained in paragraph "2" of Plaintiffs' Complaint.

## AS TO ALLEGATIONS
## CONCERNING JURISDICTION AND VENUE

3.      Admit the allegations contained in paragraph "3" of Plaintiffs' Complaint.

4.      Admit the allegations contained in paragraph "4" of Plaintiffs' Complaint.

5.      Admit the allegations contained in paragraph "5" of Plaintiffs' Complaint.

6.      Admit the allegations contained in paragraph "6" of Plaintiffs' Complaint.

## AS TO ALLEGATIONS
## <u>CONCERNING THE PARTIES</u>

7.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "7" of Plaintiffs' Complaint.

8.      Deny the allegations contained in paragraph "8" of Plaintiffs' Complaint.

9.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "9" of Plaintiffs' Complaint.

10.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "10" of Plaintiffs' Complaint.

11.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "11" of Plaintiffs' Complaint.

12.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "12" of Plaintiffs' Complaint.

13.     Deny the allegations contained in paragraph "13" of Plaintiffs' Complaint.

14.     Admit the allegations contained in paragraph "14" of Plaintiffs' Complaint.

15.     Deny the allegations contained in paragraph "15" of Plaintiffs' Complaint.

16.     Admit the allegations contained in paragraph "16" of Plaintiffs' Complaint.

17.     Admit the allegations contained in paragraph "17" of Plaintiffs' Complaint.

18.     Admit the allegations contained in paragraph "18" of Plaintiffs' Complaint.

19.     Deny the allegations contained in paragraph "19" of Plaintiffs' Complaint.

20.     Admit the allegations contained in the first paragraph designated "20" of Plaintiffs' Complaint.

21.     Deny the allegations contained in paragraph "21" of Plaintiffs' Complaint.

22.     Admit the allegations contained in paragraph "22" of Plaintiffs' Complaint.

23.    Admit the allegations contained in the second paragraph designated "20" of Plaintiffs' Complaint.

24.    Admit the allegations contained in paragraph "23" of Plaintiffs' Complaint.

25.    Deny the allegations contained in paragraph "24" of Plaintiffs' Complaint.

26.    Admit the allegations contained in paragraph "25" of Plaintiffs' Complaint.

27.    Deny the allegations contained in paragraph "26" of Plaintiffs' Complaint.

28.    Admit the allegations contained in paragraph "27" of Plaintiffs' Complaint.

29.    Admit the allegations contained in paragraph "28" of Plaintiffs' Complaint.

30.    Admit the allegations contained in paragraph "29" of Plaintiffs' Complaint.

31.    Deny the allegations contained in paragraph "30" of Plaintiffs' Complaint.

32.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "31" of Plaintiffs' Complaint.

33.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "32" of Plaintiffs' Complaint.

34.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "33" of Plaintiffs' Complaint.

35.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "34" of Plaintiffs' Complaint.

36.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "35" of Plaintiffs' Complaint.

37.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "36" of Plaintiffs' Complaint.

38.    Admit the allegations contained in paragraph "37" of Plaintiffs' Complaint.

39.     Deny the allegations contained in paragraph "38" of Plaintiffs' Complaint.

40.     Admit the allegations contained in paragraph "39" of Plaintiffs' Complaint.

41.     Admit the allegations contained in paragraph "40" of Plaintiffs' Complaint.

42.     Admit the allegations contained in paragraph "41" of Plaintiffs' Complaint.

43.     Deny the allegations contained in paragraph "42" of Plaintiffs' Complaint.

44.     Admit the allegations contained in paragraph "43" of Plaintiffs' Complaint.

45.     Deny the allegations contained in paragraph "44" of Plaintiffs' Complaint.

46.     Deny the allegations contained in paragraph "45" of Plaintiffs' Complaint.

47.     Deny the allegations contained in paragraph "46" of Plaintiffs' Complaint.

48.     Deny the allegations contained in paragraph "47" of Plaintiffs' Complaint.

49.     Admit the allegations contained in paragraph "48" of Plaintiffs' Complaint.

50.     Deny the allegations contained in paragraph "49" of Plaintiffs' Complaint.

**AS TO COLLECTIVE
ACTION ALLEGATIONS**

51.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "50" of Plaintiffs' Complaint, except deny that Answering Defendants employed any of the Collective Action Members.

52.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "51" of Plaintiffs' Complaint.

53.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "52" of Plaintiffs' Complaint.

54.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "53" of Plaintiffs' Complaint.

55.     Deny knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations contained in paragraph "54" of Plaintiffs' Complaint.

56.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "55" of Plaintiffs' Complaint.

## AS AND TO CLASS ALLEGATIONS

57.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "56" of Plaintiffs' Complaint.

58.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "57" of Plaintiffs' Complaint, except deny that any of Answering Defendants' non-exempt employees failed to receive payment for all hours worked and/or overtime compensation and/or tips and/or gratuities.

59.    Deny the allegations contained in paragraph "58" of Plaintiffs' Complaint.

60.    Deny the allegations contained in paragraph "59" of Plaintiffs' Complaint.

61.    Deny the allegations contained in paragraph "60" of Plaintiffs' Complaint.

62.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "61" of Plaintiffs' Complaint.

63.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "62" of Plaintiffs' Complaint.

64.    Deny the allegations contained in paragraph "63" of Plaintiffs' Complaint.

## AS AND TO STATEMENT OF FACTS

65.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "64" of Plaintiffs' Complaint.

66.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "65" of Plaintiffs' Complaint.

67.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "66" of Plaintiffs' Complaint.

68.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "67" of Plaintiffs' Complaint.

69.     Deny the allegations contained in paragraph "68" of Plaintiffs' Complaint.

70.     Deny the allegations contained in paragraph "69" of Plaintiffs' Complaint.

71.     Deny the allegations contained in paragraph "70" of Plaintiffs' Complaint, and state that with respect to the document referenced therein, said document speaks for itself.

72.     Deny the allegations contained in paragraph "71" of Plaintiffs' Complaint, and state that with respect to the document referenced therein, said document speaks for itself.

73.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "72" of Plaintiffs' Complaint.

74.     Deny the allegations contained in paragraph "73" of Plaintiffs' Complaint, and state that with respect to the document referenced therein, said document speaks for itself.

75.     Deny the allegations contained in paragraph "74" of Plaintiffs' Complaint, and state that with respect to the document referenced therein, said document speaks for itself.

76.     Deny the allegations contained in paragraph "75" of Plaintiffs' Complaint, and state that with respect to the document referenced therein, said document speaks for itself.

77.     Deny the allegations contained in paragraph "76" of Plaintiffs' Complaint.

78.     Deny the allegations contained in paragraph "77" of Plaintiffs' Complaint.

79.     Deny the allegations contained in paragraph "78" of Plaintiffs' Complaint.

80.     Deny the allegations contained in paragraph "79" of Plaintiffs' Complaint.

81.     State in response to paragraph "80" of Plaintiffs' Complaint that said paragraph states

one or more conclusions of law, to which no response is required.

      82.    Deny the allegations contained in paragraph "81" of Plaintiffs' Complaint.

      83.    Deny the allegations contained in paragraph "82" of Plaintiffs' Complaint that Answering Defendants retained gratuities, and state with respect to the balance of said paragraph that same states one or more conclusions of law, to which no response is required.

      84.    Deny the allegations contained in paragraph "83" of Plaintiffs' Complaint.

      85.    Deny the allegations contained in paragraph "84" of Plaintiffs' Complaint.

      86.    Deny the allegations contained in paragraph "85" of Plaintiffs' Complaint.

      87.    Deny the allegations contained in paragraph "86" of Plaintiffs' Complaint.

      88.    Deny the allegations contained in paragraph "87" of Plaintiffs' Complaint.

      89.    Deny the allegations contained in paragraph "88" of Plaintiffs' Complaint.

      90.    Deny the allegations contained in paragraph "89" of Plaintiffs' Complaint.

      91.    Deny the allegations contained in paragraph "90" of Plaintiffs' Complaint.

      92.    Deny the allegations contained in paragraph "91" of Plaintiffs' Complaint.

      93.    Deny the allegations contained in paragraph "92" of Plaintiffs' Complaint.

      94.    Deny the allegations contained in paragraph "93" of Plaintiffs' Complaint.

      95.    Deny the allegations contained in paragraph "94" of Plaintiffs' Complaint.

      96.    Deny the allegations contained in paragraph "95" of Plaintiffs' Complaint.

      97.    Deny the allegations contained in paragraph "96" of Plaintiffs' Complaint.

**AS AND TO FIRST CLAIM FOR RELIEF
PURSUANT TO FAIR LABOR STANDARDS ACT**

      98.    Answering paragraph "97" of Plaintiffs' Complaint, Answering Defendants repeat, reiterate and re-allege each and every allegation contained in the preceding paragraphs of this answer with the same force and effect as if same were set forth more fully at length herein.

7

99.    Admit the allegations contained in paragraph "98" of Plaintiffs' Complaint.

100.    Deny the allegations contained in paragraph "99" of Plaintiffs' Complaint.

101.    Admit the allegations contained in paragraph "100" of Plaintiffs' Complaint with respect to defendants Excelsior, Dial and Skyline, and deny the allegations with respect to defendant Tel Aviv.

102.    State that with respect to the document referenced in paragraph "101" of Plaintiffs' Complaint that said document speaks for itself.

103.    Deny the allegations contained in paragraph "102" of Plaintiffs' Complaint.

104.    Deny the allegations contained in paragraph "103" of Plaintiffs' Complaint.

105.    Deny the allegations contained in paragraph "104" of Plaintiffs' Complaint.

106.    Deny the allegations contained in paragraph "105" of Plaintiffs' Complaint.

107.    Deny the allegations contained in paragraph "106" of Plaintiffs' Complaint.

108.    Deny the allegations contained in paragraph "107" of Plaintiffs' Complaint.

## AS AND TO SECOND CLAIM FOR RELIEF
## PURSUANT TO NEW YORK STATE LABOR LAW

109.    Answering paragraph "108" of Plaintiffs' Complaint, Answering Defendants repeat, reiterate and re-allege each and every allegation contained in the preceding paragraphs of this answer with the same force and effect as if same were set forth more fully at length herein.

110.    Deny the allegations contained in paragraph "109" of Plaintiffs' Complaint.

111.    Deny the allegations contained in paragraph "110" of Plaintiffs' Complaint.

112.    Deny the allegations contained in paragraph "111" of Plaintiffs' Complaint.

113.    Deny the allegations contained in paragraph "112" of Plaintiffs' Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

114.    Answering Defendants (a) did not hire or fire Plaintiff and other members of the

Class, (b) did not supervise or control the work schedules or conditions of employment of Plaintiff and other members of the Class, and (c) did not determine the rate and method of payment of Plaintiff and other members of the Class.

115.    Upon information and belief, Plaintiff may have provided transportation services to customers of one or more of the Answering Defendants on one occasion as an employee of co-defendants Henry Limousine, LTD ("Henry Limo") and Henry Zilberman ("Zilberman").

116.    Upon information and belief, one or more of the Answering Defendants may have contracted with Henry Limo and Zilberman to provide transportation services to customers of said Answering Defendant(s), and/or referred jobs to Henry Limo and Zilberman in exchange for a referral fee.

117.    Answering Defendants are not, as a matter of economic reality, the employers or joint employers of Plaintiff or any other members of the Class.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

118.    Answering Defendant Excelsior ceased doing business with Henry Limo in or about 2004.

119.    Upon information and belief, Plaintiffs' claims against Excelsior are barred, in whole or in part, by the applicable statutes of limitation.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

120.    Answering Defendant Tel Aviv was incorporated on April 2, 2008, subsequent to the time period referenced in paragraph "64" of Plaintiffs' Complaint.

121.    Upon information and belief, Plaintiffs' claims against Answering Defendant Tel Aviv fail to state a cause of action.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

122.    Upon information and belief, Answering Defendant Dial never contracted with Henry Limo to provide limousine services to its customers.

123.    Answering Defendant Dial contracted with Beverly Hills Limousine, Inc. ("Beverly Hills") to provide limousine services to its customers.

124.    Upon information and belief, Beverly Hills is an entity owned and operated by co-defendants Henry Limo and Zilberstein.

125.    Plaintiffs have failed to join an indispensable party.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

126.    Answering Defendants are not liable for liquidated damages inasmuch as the acts and/or omissions which gave rise to the action were in good faith, and Answering Defendants had reasonable grounds for believing that their acts or omissions did not violate the Fair Labor Standards Act.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

127.    Plaintiff is not entitled to class certification and cannot meet the requirements for class certification inasmuch as the claims asserted in the Complaint pertain solely to Plaintiff and to no other potential class members.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

128.    Plaintiff's claims are barred, in whole or in part, by the taxicab exemption set forth under 29 U.S.C. §213(b)(17).

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

129.    Upon information and belief, Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR ANSWERING DEFENDANTS' CROSS-CLAIM

130.    The court has jurisdiction with respect to this cross-claim as it arises out of the same transactions alleged in the Plaintiffs' Complaint.

131.    Cross-claimants Excelsior, Dial, Skyline, Big Apple and Tel Aviv (collectively "Cross-Claimants") are entitled to contribution toward or indemnity from co-defendants Henry Limo and Zilberman with respect to any liability that may be found to exist from Cross-Claimants to Plaintiff and other members of the Class in this action as a result of the transactions upon which the Plaintiffs' suit is based.

132.    The basis for contribution and indemnity is that Henry Limo and Zilberman are wholly responsible or responsible in substantial part for the injuries and damages alleged by the Plaintiff and other Class members in the Complaint.

133.    Specifically, Henry Limo and Zilberman hired Plaintiff and other members of the Class.

134.    Upon information and belief, Henry Limo and Zilberman supervised Plaintiff and other members of the Class and controlled their work schedules and conditions of employment.

135.    Upon information and belief, Henry Limo and Zilberman determined the rate and method of payment of Plaintiff and other members of the Class.

136.    Upon information and belief, Henry Limo and Zilberman maintained employment records concerning Plaintiff and other members of the Class.

137.    Cross-Claimants, in contrast, merely referred jobs to Henry Limo and Zilberman, or contracted with Henry Limo and Zilberman, on a sporadic, irregular and infrequent basis, to provide customers of Cross-Claimants with limousine services.

138.    Cross-Claimants' independent drivers operate "black car" sedans which accommodate

up to four passengers, rather than limousines which accommodate more than four passengers.

139.    Because Cross-Claimants' drivers do not provide limousine services, Cross-Claimants either subcontract with third party limousine services such as Henry Limo and Zilberman to provide such services, or refer requests for such services to such third party limousine services.

140.    Upon information and belief, Plaintiff provided services to customers of each of the Cross-Claimants on only one occasion.

141.    In this cross-claim, Cross-Claimants contends that the sole cause or, in the alternative, a substantial proximate cause of the Plaintiffs' damages was the acts and/or omissions of Henry Limo and/or Zilberman, and not any act, omission or conduct of Cross-Claimants.

142.    Therefore, under general equitable principles and the rules of law governing this action, Cross-Claimants are entitled to indemnity, or in the alternative, to contribution from Henry Limo and Zilberman proportionate to their share of the responsibility for the injuries or damages to Plaintiff as determined by the trier of fact.

**WHEREFORE**, Answering Defendants respectfully demand judgment as follows:

a)    Dismissing Plaintiffs' Complaint as against Answering Defendants in its entirety;

b)    That if any judgment is entered in this action against Answering Defendants in favor of Plaintiff, that Henry Limo and Zilberman be held solely responsible for Plaintiffs' damages and that Answering Defendants recover from and be indemnified by Henry Limo and Zilberman or, in the alternative, that answering defendants have judgment against Henry Limo and Zilberman for contribution according to the respective percentages of responsibility determined by the trier of fact;

c)    together with the costs and disbursements of this action; and

d)    such other and further relief as this Court may deem just, proper and equitable.

Dated: July 18, 2008
         Bellmore, New York

                                        Yours, etc.

                                        PIKE & PIKE, P.C.

                                        By: Laurence I. Cohen (LC 0486)
                                        *Attorneys for Defendants Excelsior*
                                        *Car & Limo, Inc., Big Apple Car, Inc.,*
                                        *Dial Car, Inc., Skyline Credit Ride, Inc. and*
                                        *Tel Aviv Car & Limousine Service, Inc.*
                                        1921 Bellmore Avenue
                                        Bellmore, NY 11710
                                        (516) 783-0062


To:    Gottlieb & Associates
       *Attorneys for Plaintiffs*
       150 East 18th Street, Suite PHR
       New York, NY 10003
       (212) 228-9795

       Weiss & Associates, P.C.
       *Attorneys for Defendants*
       *Henry Limousine, Ltd and Henry Zilberman*
       419 Park Avenue South, 2nd Floor
       New York, NY 10016
       (212) 683-7030

       Paul De Fiore, Esq.
       *Attorney for Defendant*
       *Utog 2-Way Radio, Inc.*
       25-20 39th Avenue
       Long Island City, NY 11101
       (718) 361-7290 x9003

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
DANIEL ZEA, Individually and on
Behalf of All Other Persons Similarly Situated,

                                    Plaintiffs,

                                                          Case No.: 08-CV-5154

            -against-

HENRY LIMOUSINE, LTD. HENRY
ZILBERMAN, EXCELSIOR CAR & LIMO, INC.,          **AFFIRMATION**
BIG APPLE CAR, INC., DIAL CAR, INC.,            **OF SERVICE**
UTOG 2-WAY RADIO, INC., SKYLINE
CREDIT RIDE, INC., TEL AVIV
CAR & LIMOUSINE SERVICE, INC., and
John Does # 1-10, Jointly and Severally,

                                    Defendants.
-------------------------------------------------------------------------x

        I, Laurence I. Cohen, declare under penalty of perjury that I have served a copy of the

attached Answer to First Amended Complaint with Affirmative Defenses upon:


Gottlieb & Associates           Paul De Fiore, Esq.            Weiss & Associates, P.C.
*Attorneys for Plaintiffs*      *Attorney for Defendant*       *Attorneys for Defendants*
150 East 18th Street, Suite PHR *Utog 2-Way Radio, Inc.*       *Zilberman &Henry Limousine*
New York, NY 10003              25-20 39th Avenue              419 Park Ave. South, 2nd Floor
                                Long Island City, NY 11101     New York, NY 10016


by First Class Mail.

Dated: July 18, 2008
        Bellmore, New York

                                    _____
                                    Laurence I. Cohen
                                    *Attorneys for Defendants Excelsior*
                                    *Car & Limo, Inc., Big Apple Car, Inc.,*
                                    *Dial Car, Inc., Skyline Credit Ride, Inc. and*
                                    *Tel Aviv Car & Limousine Service, Inc.*
                                    1921 Bellmore Avenue
                                    Bellmore, NY 11710
                                    (516) 783-0062